UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL L. RILEY, III,<br><br>       Plaintiff,<br><br>    v.<br><br>SHEET METAL WORKERS INTERNATIONAL ASSOCIATION,<br><br>       Defendant. | Case No. 1:22-cv-00241-JLT-EPG<br><br>ORDER FOR PLAINTIFF TO SUBMIT LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE WITHIN FORTY-FIVE DAYS |

   Plaintiff Earl L. Riley, III, proceeding *pro se*, commenced this civil action on February 25, 2022, with the filing of the complaint that generally brings claims concerning employment discrimination. (*See* ECF No. 1). With the filing of his complaint, Plaintiff submitted an application to proceed *in forma pauperis*. (ECF No. 2).

   Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [in forma pauperis] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an [*in forma pauperis*] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Among other things, the application form that Plaintiff filled out (AO 240) requires an applicant to specify any money received, such as from employment, over the past twelve months. On his form, Plaintiff indicated that he has not received any money from any source over the past twelve months. (ECF No. 2, p. 1). However, Plaintiff's complaint states that he was hired by an employer in July 2021 and complains that he was required to work "alone on jobs that require two or more people." (ECF No. 1, p. 2). Additionally, Plaintiff reports seeing an offensive photo on "the office wall" in September 2021. (*Id.*). Accordingly, Plaintiff's complaint indicates that he has worked within the last year, and, presumably, meaning that he received money from employment within the last year, contrary to what he declared under penalty of perjury on his form.

Given these circumstances, the Court will require Plaintiff to file a long form application to proceed *in form pauperis* (AO 239). This form, among other things, requires more detailed information about sources of money received in the last twelve months and an applicant's expenses. If Plaintiff has received any income from any employment over the last twelve months, he is required to list it on the form.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is respectfully directed to send Plaintiff a long form application to proceed *in forma pauperis* (AO 239).
2. Within forty-five (45) days of the date of service of this order, Plaintiff shall submit the attached application to proceed *in forma pauperis*, completed and signed under penalty of perjury, or in the alternative, pay the $402.00 filing fee for this action. No requests for extension will be granted without a showing of good cause. <u>Failure to comply with this order may result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated: **March 1, 2022**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

2