UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL L. RILEY, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHEET METAL WORKERS INTERNATIONAL ASSOCIATION,<br><br>　　　　Defendant. | Case No. 1:22-cv-00241-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT FURTHER LEAVE TO AMEND<br><br>(ECF No. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　　Plaintiff Earl L. Riley, III, is proceeding *pro se* and *in forma pauperis* in this action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, generally alleging that Defendant Sheet Metal Workers International Association has engaged in discriminatory employment practices. (*See* ECF No. 1, 5, 7).

　　　　Plaintiff filed his complaint on February 25, 2022. (ECF No. 1). On March 23, 2022, the Court screened the complaint and concluded that it failed to state any cognizable claims. (ECF No. 6). The Court gave Plaintiff thirty days to either file an amended complaint or notify the Court in writing that he wanted to stand on his complaint. (*Id.* at 8).

　　　　On April 21, 2022, Plaintiff filed a first amended complaint. (ECF No. 7). The Court has reviewed the first amended complaint, and, for the reasons given below, will recommend that this action be dismissed for failure to state a claim and without further leave to amend.

　　　　Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

1

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the first amended complaint under 28 U.S.C. § 1915. (ECF No. 5). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff lists Sheet Metal Workers International Association as the sole Defendant in this case. (ECF No. 7, p. 3). He alleges that "was subjected to different terms and conditions of employment" and "was denied job referrals and assignment even though [he] ha[s] priority over other worker[s] and members." (*Id.* at 5). Further, he is "being retaliated against for filing the complaint with the EEOC because [he] engaged in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended" and has "been discriminated against because of race [] (African American)." (*Id.*). Lastly, he asserts that "[t]he Union did not represent [him] fairly and

2

in good faith, and without discrimination" and "violated its duty of fair representation." (*Id.*).

Plaintiff attaches a charge of discrimination to his complaint, which contains a narrative stating that he filed an EEOC complaint "against a job site where [he] worked through the union" and supervisors Mike Lopez and David Pena tried to persuade him not to file the complaint. (Id. at 11). Since then, Plaintiff has not been referred work and has been unable to contact Lopez and Pena. (*Id.*).

**III.   ANALYSIS**

Generally, Plaintiff alleges that he was discriminated against, retaliated against, and "[t]he Union" (presumably meaning Defendant) did not fairly represent him. (*Id.* at 5). However, Plaintiff fails to state any claim.

**A.   Discrimination**

Title VII makes it unlawful for employers, employment agencies, and labor organizations to discriminate against an individual based on the individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)-(c). To establish a prima facie case of intentional discrimination (known as "disparate treatment") under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). While a plaintiff is not required to plead a prima facie case at the screening stage, courts may review the allegations in light of the prima facie elements to determine whether a plaintiff either sufficiently pleads an element of the prima facie case or provides enough factual allegations that can lead the court to plausibly infer each element of the prima facie case. *Thomas v. Sec'y of The United States Dep't of Veterans Affs.*, No. CV2102433JAKRAO, 2021 WL 2593643, at *3 (C.D. Cal. May 19, 2021), *report and recommendation adopted*, 2021 WL 2590160 (C.D. Cal. June 23, 2021) (internal citations omitted).

Despite the Court's screening order advising Plaintiff to specifically identify Defendant's allegedly discriminatory conduct, Plaintiff has failed to do so. Although Plaintiff asserts that he

3

was denied job referrals and assignments, he fails to allege any facts that Defendant was responsible. Additionally, Plaintiff's attached charge of discrimination indicates that others may have been responsible for the alleged discrimination, as Plaintiff recounts an incident where he filed an EEOC charge "against a job site where [he] worked through the union," and complains that supervisors Lopez and Pena tried to dissuade him from pursuing the matter, with Plaintiff thereafter not being "assigned any employment." (ECF No. 7, p. 11) Critically missing from Plaintiff's first amended complaint are facts explaining who—Defendant, the jobsite through the union, Lopez, or Pena—were responsible for assigning Plaintiff work. Such facts are especially important to allege here because Lopez and Pena appear to be local union representatives. (See ECF No. 7, p. 11). As the Court previously advised Plaintiff, an international union cannot always be held liable for a local union's actions. *See Laughon v. Int'l All. of Theatrical Stage Emps., Moving Picture Technicians, Artists & Allied Crafts of the United States & Canada*, 248 F.3d 931, 934–35 (9th Cir. 2001).

Similarly, even though Plaintiff appears to allege that workers with lower priority received jobs that should have been assigned to him, he fails explain how these workers were similarly situated individuals outside his protected class. *See Chapman v. Chron.*, No. C 07-4775 SBA, 2009 WL 102821, at *3 (N.D. Cal. Jan. 14, 2009) (concluding that a plaintiff failed to state a claim for employment discrimination where the plaintiff failed to address how "similarly situated individuals outside his protected class were treated more favorably").

Given these failures, Plaintiff has failed to state an employment-discrimination claim.

**B.     Retaliation**

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: "(1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Like Plaintiff's discrimination claim, although he complains about a lack of job referrals, he does not provide facts showing that Defendant was responsible. Thus, he has failed to allege facts demonstrating that Defendant took an adverse action in response to his filing an EEOC

4

complaint. Moreover, Plaintiff fails to allege any facts showing that his filing of the EEOC complaint was the causal link between his not being referred work.

Given these failures, Plaintiff has failed to state a retaliation claim.

### C. Breach of duty of fair representation

"The duty of fair representation is a judicially established rule imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit." *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 n.14 (1983) ("The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative."). And "in order to hold that union conduct breached the duty of fair representation, [a court] must determine either that the union conduct at issue is a discriminatory or bad faith exercise of judgment, or is an arbitrary (meaning wholly irrational, inexplicable, or unintentional) action that substantially injured an employee." *Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 880 (9th Cir. 2007). Further, to show that a "union's exercise of judgment was discriminatory, a plaintiff must adduce 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" *Id.* (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)).

Once more, Plaintiff's failure to identify Defendant's specific misconduct results in there being no basis to conclude that Defendant engaged in a discriminatory or bad faith exercise of judgment or that Defendant made an arbitrary decision that substantially injured Plaintiff.

Given these failures, Plaintiff has failed to sufficiently allege that Defendant breached a duty of fair representation.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court concludes that Plaintiff's first amended complaint fails to state any cognizable claims. The Court will recommend that this action be dismissed without granting Plaintiff further

leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his first amended complaint with the benefit of this information but failed to cure the deficiencies identified in the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's first amended complaint be dismissed for failure to state a claim and without further leave to amend, and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 4, 2022**       /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE